UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HSBC BANK USA,<br><br>         Plaintiff(s),<br><br>  v.<br><br>PARK AVENUE HOMEOWNERS' ASSOCIATION, et al.,<br><br>         Defendant(s). | Case No. 2:16-CV-460 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Red Rock Financial Services, LLC's ("Red Rock") motion to dismiss. (ECF No. 8). Plaintiff HSBC Bank USA, N.A., as trustee for the holders of GSAA Home Equity Trust 2005-2009 ("HSBC"), filed a response (ECF No. 21), to which defendant replied (ECF No. 23).

**I. Facts**

This case involves a dispute over real property located at 91 East Agate Avenue, Las Vegas, Nevada (the "property").

To refinance the property, Shaheen Black obtained a loan in the amount of $192,000.00 from Countrywide Bank FSB ("Countrywide"), which was secured by a deed of trust recorded on April 29, 2005. (ECF No. 1). The deed of trust was assigned to Bank of America, N.A. and then to HSBC. (ECF No. 1).

On November 1, 2010, Red Rock, acting on behalf of the Park Avenue homeowners' association (the "HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $4,188.51. (ECF No. 1). On December 17, 2010, Red Rock recorded a notice of default and

**James C. Mahan**
**U.S. District Judge**

1  election to sell to satisfy the delinquent assessment lien, stating an amount due of $5,627.65. (ECF
2  No. 1).
3        On July 26, 2011, Red Rock recorded a notice of trustee's sale, stating an amount due of
4  $8,951.31. (ECF No. 1). The HOA purchased the property for $9,221.08 at the foreclosure sale
5  on August 19, 2011. (ECF No. 1). A trustee's deed upon sale in favor of the HOA was recorded
6  on August 24, 2011. (ECF No. 1).
7        In the instant complaint, HSBC alleges four claims of relief: (1) quiet title/declaratory
8  judgment against all defendants; (2) breach of NRS 116.1113 against Red Rock and the HOA; (3)
9  wrongful foreclosure against Red Rock and the HOA; and (4) injunctive relief against the HOA.
10 (ECF No. 1).
11       In the instant motion, defendant Red Rock moves to dismiss, arguing that the complaint
12 fails to state a quiet title claim against it and the claims for breach of NRS 116.1113 and wrongful
13 foreclosure are time barred. (ECF No. 8). The court will address each in turn.

**II.  Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

**James C. Mahan**
**U.S. District Judge**

- 2 -

*Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. Quiet Title/Declaratory Relief

Defendant Red Rock argues that plaintiff HSBC's quiet title claim should be dismissed because Red Rock has no interest in the property. (ECF No. 8 at 4).  The court disagrees and rejects this argument as an insufficient basis for dismissal.

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010.  "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and

**James C. Mahan**
**U.S. District Judge**

- 3 -

citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Here, HSBC's complaint challenges the validity of the foreclosure sale and seeks a declaration that the foreclosure sale did not extinguish HSBC's deed of trust. The HOA claims an interest in the property and Red Rock acted on behalf of the HOA, as its agent, in conducting the foreclosure sale and in recording the notices relevant to the foreclosure sale.

In its motion, Red Rock makes a disclaimer, stating that "pursuant to NRS 40.020, Red Rock hereby disclaims any potential interest in the [p]roperty." (ECF No. 8 at 4). Red Rock then asserts that this disclaimer renders HSBC's quiet title claim against it is moot. (ECF No. 8 at 4).

However, the quiet title claim concerns Red Rock in its capacity as an agent of the HOA, not in its own general capacity as a limited liability company. Thus, unless Red Rock is willing to disclaim all interest in the property on behalf of the HOA, in its capacity as an agent of the HOA, it is irrelevant whether Red Rock disclaims an interest in the property.

Accordingly, Red Rock's motion to dismiss will be denied as it relates to this claim.

**B.  Statute of Limitations**

Red Rock argues that counts two and three should be dismissed because they are time-barred. (ECF No. 8 at 5). The court agrees.

Count two of HSBC's complaint alleges Red Rock and the HOA violated NRS 116.1113, which imposes an obligation of good faith in every contract or duty governed by Chapter 116. (ECF No. 1 at 10–11). As relief for count two, HSBC seeks damages in the amount of either the property's fair market value or the unpaid principal on the loan as of the date of the HOA sale. (ECF No. 1 at 10–11).

Because count two is a claim for damages based on the alleged breach of a statutory duty, it must be brought within three years. *See* Nev. Rev. Stat. § 11.190(3)(a). The foreclosure sale took place on August 19, 2011. HSBC brought this lawsuit more than three years later, on March

**James C. Mahan**
**U.S. District Judge**

- 4 -

3, 2016.  Therefore, count two is time-barred and Red Rock's motion to dismiss will be granted as it relates to this claim.

Count three of HSBC's complaint alleges that the foreclosure sale was wrongful because the HOA failed to give proper notice, no default had occurred in the superpriority component of the HOA's lien at the time of the foreclosure sale, and the HOA purchased the property for a grossly inadequate amount.  (ECF No. 1 at 11–12).  HSBC seeks damages in the amount of the property's fair market value or the unpaid principal loan balance as of the time of the foreclosure sale.  (ECF No. 1 at 12).

A tortious wrongful foreclosure claim "challenges the authority behind the foreclosure, not the foreclosure act itself."  *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (*en banc*).  Red Rock's authority to foreclose on the HOA lien on behalf of the HOA arose from Chapter 116, essentially rendering count three a claim for damages based on liability created by a statute.  Therefore, count three is likewise time-barred under NRS 11.190(3)(a) because it was not brought within three years.

## IV.  Conclusion

Based on the foregoing, the court denies Red Rock's motion to dismiss as it relates to count one, but grants the motion as it relates to counts two and three of HSBC's complaint.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Red Rock Financial Services, LLC's motion to dismiss (ECF No. 8) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

DATED October 3, 2016.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -